**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**SUSAN BAILEY** **PLAINTIFF**

**VS.** **CAUSE NO.: 4:26-CV-31-RPC-JMV**

**CITY OF GREENWOOD, MISSISSIPPI AND KENDRICK D. COX, IN HIS INDIVIDUAL CAPACITY** **DEFENDANTS**

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, the City of Greenwood, Mississippi and Kendrick D. Cox, in his individual capacity (collectively, "Municipal Defendants"), submit this Answer and Affirmative Defenses to the Complaint filed by Plaintiff Susan Bailey.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted, in whole or in part.

**SECOND AFFIRMATIVE DEFENSE**

Municipal Defendants plead all applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

To the extent applicable, Plaintiff lacks standing.

**FOURTH AFFIRMATIVE DEFENSE**

Municipal Defendants plead all applicable immunity defenses, including but not limited to sovereign immunity, qualified immunity, course and scope immunity, absolute immunity, and legislative immunity.

**FIFTH AFFIRMATIVE DEFENSE**

To extent applicable, Municipal Defendants plead all applicable provisions of the Mississippi Tort Claims Act contained in Mississippi Code Annotated § 11-46-1 *et. seq.*, including, but not limited to, all applicable statutes of limitations, course and scope immunity, all exemptions from liability, all jurisdictional prerequisites to suit, and no right to a jury trial.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff did not exhaust her administrative remedies or pre-suit obligations under federal or state law for some or all of her allegations, claims, or theories, those allegations, claims, or theories may not be pursued in this action.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged violation of constitutional and statutory rights did not occur through, nor were they caused by, a policy or custom of the City of Greenwood. Therefore, there is no municipal liability under federal law.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent applicable, Plaintiff has failed to comply with her duty to mitigate her request for damages, her entitlement to which is expressly denied, such damages must be reduced.

**NINTH AFFIRMATIVE DEFENSE**

Any employment decisions made by Municipal Defendants regarding Plaintiff were based on legitimate factors that had nothing to do with Plaintiff's race, political affiliation, or retaliation against Plaintiff. Accordingly, any employment decision does not implicate the First Amendment, the Equal Protection Clause, or any other federal statutory rights as alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive damages and, while denying that Plaintiff is entitled to punitive damages, Municipal Defendants affirmatively plead that an award of punitive damages would amount to a violation of the United States and Mississippi Constitutions.

**ELEVENTH AFFIRMATIVE DEFENSE**

Municipal Defendants plead all damages caps, including those applicable to requests for compensatory and punitive damages.

**TWELTH AFFIRMATIVE DEFENSE**

Municipal Defendants acted in good faith at all times in their conduct toward Plaintiff, and Plaintiff's own actions, or the actions of a third party for whom Municipal Defendants are not responsible, were the proximate and superseding cause of any damages Plaintiff may have sustained. Municipal Defendants invoke all applicable contribution and comparative fault principles.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent an adequate state remedy was available and Plaintiff failed to avail herself of such remedy, this action may not be cognizable under § 1983.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Municipal Defendants plead the defenses of good faith and/or honest belief.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent applicable, Municipal Defendants plead estoppel, both equitable and judicial, as well as the defenses of collateral estoppel, res judicata, waiver, laches, and privilege.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Municipal Defendants plead the doctrine of unclean hands.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Municipal Defendants reserve the right to rely upon any after-acquired evidence.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Municipal Defendants reserve all available defenses under Federal Rule of Civil Procedure 8(c).

**NINETEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff is seeking special damages, Plaintiff has failed to plead such damages with the specificity required by Federal Rules of Civil Procedure 9(g).

**TWENTIETH AFFIRMATIVE DEFENSE**

Municipal Defendants' actions were based on legitimate business reasons and reasonable factors regardless of whether or not Plaintiff engaged in protected activity and whether or not Plaintiff is a member of a protected class and, as a result, their actions do not implicate the First Amendment, the Equal Protection Clause, Section 1981, or state law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Punitive damages cannot be assessed against the City of Greenwood.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's action is frivolous or brought in bad faith and, therefore, Municipal Defendants are entitled to an award of attorneys' fees.

**ANSWER**

Without waiving any affirmative defenses, and reserving the right to assert further affirmative defenses as they become evident through discovery or further investigation, Municipal Defendants respond to the Complaint as follows:

**COMPLAINT**

In response to the first unnumbered Paragraph of the Complaint beginning with the phrase "This is an action," Municipal Defendants admit that Plaintiff has filed this action but deny that it has any merit whatsoever.

1.

The allegations contained in Paragraph 1 of the Complaint do not appear to be directed at Municipal Defendants and therefore no response is required. To the extent a response is required, Municipal Defendants deny the allegations contained in Paragraph 1 of the Complaint for lack of sufficient information.

2.

Municipal Defendants deny the allegations contained in Paragraph 2 of the Complaint as stating legal conclusions, except to admit that the City of Greenwood, Mississippi is a political subdivision of the State of Mississippi and may be served with process as required by law.

3.

Municipal Defendants deny the allegations contained in Paragraph 3 of the Complaint as calling for legal conclusions.

4.

Municipal Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.

Municipal Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.

Municipal Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.

Municipal Defendants deny the allegations contained in Paragraph 7 of the Complaint, including the allegations contained in the second unnumbered paragraph.

8.

Municipal Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.

Municipal Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.

Municipal Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.

Municipal Defendants deny the allegations contained in Paragraph 11 of the Complaint.

**REQUESTS FOR RELIEF**

Municipal Defendants deny the allegations contained in the three, unnumbered paragraphs of the Complaint under the heading "Requests for Relief" and further deny that Plaintiff is entitled to any relief whatsoever.

Municipal Defendants request that the Complaint be dismissed with all costs taxed to Plaintiff and an award of attorneys' fees be provided to Municipal Defendants.

Dated: May 13, 2026.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: *Is/ Sonya C. Dickson*

G. Todd Butler, MB #102907
Mallory K. Bland, MB #105665
Sonya C. Dickson, MB #106284
1905 Community Bank Way, Suite 200
Flowood, Mississippi 39232
Telephone: 601-352-2300
Telecopier: 601-360-9777

Email: todd.butler@phelps.com
Email: mallory.bland@phelps.com
Email: sonya.dickson@phelps.com

**ATTORNEYS FOR MUNICIPAL DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that, on May 13, 2026, I electronically filed the foregoing *ANSWER AND AFFIRMATIVE DEFENSES* with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ *Sonya C. Dickson*
Sonya C. Dickson